{¶ 36} I respectfully dissent.
 {¶ 37} As the majority correctly notes, the transaction was subject to the Home Solicitation Sales Act ("the HSSA"). Further, as the trial court and the majority noted, the sellers' failure to provide notice of the buyers' right to cancel is a deceptive practice pursuant to R.C. 1345.02. As such, according to R.C. 1345.09(A), the buyers may either rescind the contract or recover damages.
 {¶ 38} The buyers' complaint put forth the following alternative theories of recovery: (1) breach of contract and (2) cancellation or rescission.
 {¶ 39} The majority is correct that there exists no genuine issue of material fact that there was a substantial change in the subject matter of the transaction. As such, the buyers were not permitted to rescind the contract. R.C. 1345.09(C). On this point, the majority is correct.
 {¶ 40} However, the majority notes that the buyers are still permitted to "cancel" the contract, pursuant to the HSSA. "Canceling" the contract would entitle the buyers to a full refund of all monies paid to the sellers, without any set-off for work that was performed. R.C. 1345.23.
 {¶ 41} "Rescind" as a verb means "[t]o abrogate or cancel
(a contract) unilaterally or by agreement." (Emphasis added.) Black's Law Dictionary (7th Ed. 2000) 1048. "Rescind" and "cancel" are synonymous. See, e.g., Clemens v. Duwel (1995),100 Ohio App.3d 423, 433.
 {¶ 42} As such, because the buyers are not permitted to "rescind" the contract, they are also not permitted to "cancel" the contract. This is also implicit within the meaning of R.C. 1345.09(A), which states that a party may either rescind the contract or recover in damages; it does not state that the party may rescind, cancel, or recover in damages. Accordingly, the plaintiff may only recover in damages.
 {¶ 43} As a result, the trial court erred when it granted the buyers' motion for summary judgment, i.e., when it granted the buyers' request for a complete rescission of the contract and
ordered the sellers to reimburse the buyers for all monies they had paid on the contract.
 {¶ 44} The matter should have proceeded to trial on the buyer-plaintiffs' claim for damages. To that end, I respectfully dissent.